Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

JESSE CANTU, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

GEICO, d/b/a/ **www.geico.com**; and DOES 1 through 10, inclusive,

Defendants.

Case No.

**CLASS ACTION**

**COMPLAINT FOR VIOLATION OF THE VIDEO PROTECTION PRIVACY ACT**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Whenever someone watches a video on www.geico.com (the "Website"), Defendants secretly report all the details to Google: the visitor's personally identifiable information ("PII"), the titles watched, and more. Why? Data harvesting and targeted advertising.

2. As shown below, Defendants' actions violate the Video Privacy Protection Act of 1988, 18 U.S.C. §§ 2710 *et seq*. ("VPPA"). As such, Defendants are liable for statutory damages, an injunction, and related relief.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the VPPA, a federal law.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and events giving rise to the claims occurred in this District.

## PARTIES

5. Plaintiff is an individual and a consumer advocate.

6. The above-named Defendant, along with its affiliates and agents, are collectively referred to as "Defendants."

7. Defendants own, operate, and or control the Website. The true names and capacities of the Defendants sued herein as DOE DEFENDANTS are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff will amend the Complaint to reflect the true names of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants, and that each of the acts and/or omissions complained of herein was ratified by each of the other Defendants.

## FACTUAL ALLEGATIONS

### A. GOOGLE ANALYTICS

9. Google Analytics is a free web analytics service offered by Google that helps website owners track and report web traffic. It provides insights into website visitors, their behavior and demographics, the sources of website traffic, and more. The information gathered by Google Analytics helps website owners better understand their website visitors and optimize their online content and advertising efforts.

10. Google Analytics is part of the Google Marketing Platform and is available for free to anyone with a Google account. There are two commonly used versions of

Google Analytics: Google Analytics 3 (Universal Analytics) and Google Analytics 4 (GA4). Universal Analytics is the legacy version of Google Analytics and is slowly being phased out.[1] GA4 is the latest version of Google Analytics that was launched in 2020.[2] The tools are materially similar in how they collect and transmit website analytics data to Google.[3]

11. Google Analytics acquires user data from each website visitor using one or more tracking tags installed on the website. A tracking tag is a small piece of JavaScript code that the website owner inserts into the existing code of each page. The Google Analytics tracking tags run in the web browser of each visitor, collecting data and sending it to Google's data collection points.

12. Website owners control what data the Google Analytics tracking tag will collect, including the website's metadata, along with what pages a visitor views.

13. Website owners control how the Google Analytics tracking tag identifies visitors. The Google Analytics tracking tag is configured to collect "HTTP Headers" and "Event Parameter" data. HTTP headers include data such as IP Address, User Agent String, and Language. HTTP headers are sent to Google from the web browser with every Google Analytics event that is tracked. Event Parameters vary based on the type of event and may include data such as web form interactions, video views, file downloads, page scrolls, web searches, etc.[4]

14. Google Analytics can generate customizable reports to track and visualize data such as the number of users, bounce rates, average session durations, sessions by channel, page views, conversions (such as purchases and adding products to carts), and more. Google Analytics is "designed to work together" with other Google Marketing

---

[1] ABOUT UNIVERSAL ANALYTICS, https://support.google.com/analytics/answer/2790010?hl=en (last visited February 2023)

[2] [GA4] INTRODUCING THE NEXT GENERATION OF ANALYTICS, GOOGLE ANALYTICS 4, https://support.google.com/analytics/answer/10089681?hl=en (last visited February 2023)

[3] UNIVERSAL ANALYTICS VERSUS GOOGLE ANALYTICS 4 DATA, https://support.google.com/analytics/answer/9964640?hl=en&ref_topic=12153646,12153943,2986333,&visit_id=638115536489543614-1150820823&rd=1#zippy=%2Cin-this-article (last visited February 2023)

[4] [GA4] ENHANCED EVENT MEASUREMENT, https://support.google.com/analytics/answer/9216061 (last visited February 2023)

Platform products to help measure, understand and enhance a website's digital marketing.[5] For example, website owners can easily export data from Google Analytics to Google Marketing products to generate audience segments to facilitate targeted advertising.

**B. DEFENDANTS ARE A "VIDEO TAPE SERVICE PROVIDER" UNDER THE VPPA.**

15. Defendants are "engaged in the business of delivery of video cassette tapes or similar audio-visual materials." 18 U.S.C. § 2710(a)(4). Specifically, Defendants' business model involves using pre-recorded videos and audio-visual materials to promote and monetize their products.

16. Consistent with its business model, the Website hosts and delivers content including videos:

**Figure 1**




17. As such, Defendant is a Video Tape Service Provider under the VPPA.

**C. DEFENDANT KNOWINGLY DISCLOSED PLAINTIFF'S PII TO**

[5] GOOGLE MARKETING PLATFORM, ABOUT GOOGLE ANALYTICS, https://marketingplatform.google.com/about/analytics/ (last visited February 2023)

**GOOGLE.**

18. The VPPA defines PII to "include[]" "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(3). This means "information that would 'readily permit an ordinary person to identify a specific individual's video-watching behavior.' " *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 985 (9th Cir. 2017).

19. Plaintiff has a Google account and watched a video on the website. Defendants disclosed information that allows Google (and any ordinary person) to readily identify Plaintiff's video-watching behavior, as shown by the below examplar of the information Defendant transmits to Google when someone watches a video on the website:

**Figure 2**



**Figure 3**




**Figure 4**



**Figure 5**

| Name | Value | Domain |
|---|---|---|
| __Secure-1PSIDCC | AFvIBn-... | .google.com |
| 1P_JAR | 2023-3-2-3 | .google.com |
| __Secure-3PSID | TwgBjXH... | .google.com |
| __Secure-1PSID | TwgBjXH... | .google.com |
| SIDCC | AFvIBn8... | .google.com |
| SID | TwgBjXH... | .google.com |
| __Secure-3PAPISID | ZQhyFA... | .google.com |
| __Secure-1PAPISID | ZQhyFA... | .google.com |
| NID | 511=MC... | .google.com |
| APISID | 3fhTCwf... | .google.com |
| SSID | AUrwRy... | .google.com |
| SAPISID | ZQhyFA... | .google.com |
| AEC | ARSKqs... | .google.com |
| __Secure-3PSIDCC | AFvIBn8f... | .google.com |
| HSID | A6aUZxI... | .google.com |

20. Defendant's actions readily permit an ordinary person to identify Plaintiff's video-watching behavior.

**D. PLAINTIFF IS A "CONSUMER" UNDER THE VPPA.**

21. The VPPA defines the term "consumer" to mean "any renter, purchaser, or subscriber of goods or services from a video tape service provider[.]" 18 U.S.C. § 2710(a)(1).

22. Plaintiff has downloaded Defendant's app onto plaintiff's smart phone. As such, Plaintiff is a "consumer" under the VPPA. *See Yershov v. Gannett Satellite Info. Network, Inc.*, 820 F.3d 482 (1st Cir. 2016).

23. Plaintiff is a consumer privacy advocate with dual motivations for watching a video on Defendants' Website. First, Plaintiff was genuinely interested in learning more about the goods and services offered by Defendants. Second, Plaintiff is a "tester" who works to ensure that companies abide by the obligations imposed by federal law. As someone who advances important public interests at the risk of vile

personal attacks, Plaintiff should be "praised rather than vilified." *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

24. During the past year, Plaintiff visited the Website and watched one or more videos.

25. When Plaintiff watched videos on the Website, Defendants disclosed information that allowed Google (and any ordinary person) to readily identify Plaintiff's video-watching behavior. Defendants did so knowingly and for the purpose of retargeting Plaintiff in connection with Google advertising campaigns. Defendants did not obtain the informed, written consent of Plaintiff to disclose PII concerning Plaintiff to third parties.

26. Visitors would be shocked and appalled to know that Defendants secretly disclose to Google all of the key data regarding a visitor's viewing habits.

27. Defendants' conduct is illegal, offensive, and contrary to visitor expectations: indeed, a recent study conducted by the Electronic Privacy Information Center, a respected thought leader regarding digital privacy, found that: (1) nearly 9 in 10 adults are "very concerned" about data privacy, and (2) 75% of adults are unaware of the extent to which companies gather, store, and exploit their personal data.

**CLASS ALLEGATIONS**

28. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> **All persons in the United States who watched or played video content on www.geico.com and whose PII was disclosed by Defendants to Google within the two years prior to the filing of this action.**

29. Plaintiff represents, and is a member of, The Class, consisting of all in the United States who watched or played video content on www.geico.com and whose PII was disclosed by Defendants to Google within the two years prior to the filing of this action.

30. Defendants, their employees and agents and the Court and its staff are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

31. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

32. Plaintiff and members of The Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally disclosed Plaintiff and Class Members' PII to Google, invading the privacy of said Plaintiff and Class members.

33. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a) whether Defendants collected Plaintiff's and the Class's PII;

b) whether Defendants unlawfully disclosed and continues to disclose their users' PII in violation of the VPPA;

c) whether Defendants' disclosures were committed knowingly; and

d) whether Defendants disclosed Plaintiff's and the Class's PII without consent.

34. As a person whose PII was communicated by Defendants to Google and in violation of the VPPA, Plaintiff is asserting claims that are typical of The Class.

35. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

36. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

37. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

38. Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## CAUSE OF ACTION

## VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT

## 18 U.S.C. § 2710 *et seq.*

39. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

40. Defendants are "video tape service provider[s]" that create, host, and deliver videos on the Website as set forth above. Defendants use videos to collect viewers' PII so they can later retarget them for advertisements.

41. Plaintiff and members of the Class are "consumers" as set forth above. 18 U.S.C. § 2710(a)(1).

42. As set forth above, Defendants knowingly disclosed Plaintiff's and Class Members' PII to Google that allows any ordinary person to readily identify Plaintiff's and Class Members' video-watching behavior.

43. Defendants knowingly disclosed Plaintiff's and Class Members' PII because they used that data to build audiences on Google and retarget Plaintiff and Class Members for Google advertising campaigns.

44. Defendants did not obtain the informed, written consent of Plaintiff or Class Members to disclose PII concerning Plaintiff or Class Members to third parties.

45. Defendants' disclosures were not made in the "ordinary course of business" as the term is defined by the VPPA because they were not necessary for "debt collection activities, order fulfillment, request processing, [or] the transfer of ownership." 18 U.S.C. § 2710(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendants, individually and on behalf of all others similarly situated, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as representative of the Class and Plaintiff's counsel as class counsel;
b. For an order declaration that Defendant's conduct violates the VPPA;
c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;
d. An award of statutory damages under the VPPA:
e. An award of punitive damages;

f. Prejudgment interest in all amounts awarded;

g. For injunctive relief to stop the illegal conduct; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees, expenses, and costs of suit.

i. For all such other relief, at law or in equity, as may be proper.

46. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 25th Day of April, 2023.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff and the putative Class